[No. 2314.]

## RUNDLE v. STAATS.

**Principal and Agent—Commission—Loans—Instructions.**

In an action by an agent for commission for procuring a person ready and willing to loan to defendant money, where it was alleged and proven that defendant employed plaintiff to procure a loan of a certain sum upon real estate and was to pay plaintiff therefor a certain sum, and that defendant agreed to furnish an abstract of title to the real estate; that plaintiff procured a person ready and willing to make the loan, and that defendant failed to furnish the abstract, and the loan through his fault was not consummated, plaintiff was entitled to recover, and where there was no conflict of testimony the court properly directed the jury to return a verdict for plaintiff.

*Appeal from the District Court of Arapahoe County.*

Messrs. DOUD & FOWLER, for appellant.

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for appellee.

GUNTER, J.

The complaint alleged that appellant employed appellee to procure a person ready and willing to loan to appellant (defendant) a certain sum upon certain real estate, and was to pay for his services in so doing $100.00; that he procured such person who agreed to make the loan, and that appellant agreed to take it, and to furnish the party who proposed to make the loan, within a reasonable time, an abstract of the property to be incumbered as security; that appellant never did furnish the abstract, and through his fault the loan was not consummated. These allegations the answer denied. The case was tried to a jury, and at the close of the evidence the court instructed the jury to return a verdict for appellee, and upon such verdict entered judgment for appellee in the sum of $100.00. Therefrom is this appeal.

The evidence on behalf of appellee consisted of the testimony of appellee, which fully sustained the allegations of the complaint. Also of the testimony of Harry Brown, connected at the time of the transaction with the parties who had agreed to make the loan, Brown Brothers. Also the testimony of J. S. Brown, of the firm of Brown Brothers. The testimony of these two witnesses in material points corroborated that of appellee, and did not conflict with it in any degree.

The only testimony on behalf of appellant was that of himself. While at one point in his testimony he stated that the payment of the commission for effecting the loan was conditioned upon effecting a sale to the California parties, later on in his testimony he repudiated this, and his testimony on material points corroborated that of appellee.

The sufficiency of the testimony is the only question in the case. This was not conflicting, there was but one thing for the court to do, and that was to instruct the jury to render a verdict for appellee, which it did.

Judgment should be affirmed.

*Affirmed.*